IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO R. THOMPSON SR.,

    Plaintiff,

   v.                                                              No. CIV 14-1097 MCA/KBM

ALBUQUERQUE POLICE DEPT.,
SGT. C. MASON, Violent Crimes Supervisor,
DET. R. LANDAVAZO, Primary Homicide,
DET. A. ORTIZ, Secondary Homicide,
DET. D. DOSAL, Robbery,
DET. M. MOYA, FASTT,
DET. C. ROMERO, Sex Crimes,
DET. J. MORALES, Homicide,
DET. H. ANDERSON, Homicide,
DET. D. MCDERMEIT, Homicide,
DET. D. GONZALES, Homicide,
LT. B. MCCUTCHEON, Crime Lab Supervisor,
SGT. K. JOHNSON, Criminalistics Supervior [sic],
L. FLORES, Field Evidence Technician,
SGT. S. KENNEY, DET. F. PEZZANO,
DET. K. WYCKOFF, DET. M. HILL,
SGT. S. KOEHNKE, Field Services Supervisor #74,
A. HENNIG, Primary Field Services Supervisor #3444,
J. STOREY, DET. G. STONE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This complaint for malicious prosecution arises from a state criminal prosecution of Plaintiff for, *inter alia*, murder, aggravated burglary, and aggravated battery. The complaint names a number of Albuquerque Police officers as Defendants. Plaintiff alleges that he was arrested, charged, and prosecuted without probable cause. He also alleges that the prosecution was based, at least in part, on falsified evidence and was pursued in spite of exculpatory evidence. Plaintiff states that he was acquitted of all charges at trial. The complaint seeks damages.

The complaint makes no allegations against any of the named Defendants except Detective Russ Landavazo, and Plaintiff thus fails to make an affirmative link between these other Defendants and the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the

complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Because the complaint makes no allegation of personal involvement by anyone but Defendant Landavazo in the alleged malicious prosecution, the court will dismiss Plaintiff's claims against all Defendants except Defendant Landavazo.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Albuquerque Police Dept., Mason, Ortiz, Dosal, Moya, Romero, Morales, Anderson, McDermeit, Gonzales, McCutcheon, Johnson, Flores, Kenney, Pezzano, Wyckoff, Hill, Koehnke, Hennig, Storey, and Stone are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this order, to Defendant Landavazo.

_____
UNITED STATES DISTRICT JUDGE